IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2137-BO

| | |
|---|---|
| BRANDON LEE ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TERESA M. POSTELL and ERIK A. ) | |
| HOOKS, ) | |
| ) | |
| Respondent. ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter now comes before the court on respondent's motion to dismiss (DE 9) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**STATEMENT OF CASE**

On March 19, 2009, petitioner was found guilty after a jury trial in the Beaufort County Superior Court of first-degree sexual offense against a child and indecent liberties with a child. See Allen v. Dail 5:13-HC-2068-FL (E.D.N.C. dismissed Mar. 20, 2014). Petitioner then was sentenced to consecutive terms of 240-297 and 16-20 months imprisonment. Id. On March 25, 2013, petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

See id. On March 20, 2014, the court granted the respondent's motion for summary judgment, and dismissed the action as time barred. Id.

Petitioner next filed a second motion for appropriate relief in the Beaufort County Superior Court, which was denied on March 30, 2015. (Resp't's Mem. Ex. 3). On February 6, 2016, petitioner filed a *pro se* "Motion to Allow the Defendant to Examine, D.N.A, Test-Physical Evidence as well as Locate and Preserve Evidence and Attack Witnesses Credibility Pursuant to N.C.G.S. § 269-270-(c)" in the superior court. (Id. Ex. 2). The motion was denied on March 8, 2017. (Id. Ex. 3). On March 21, 2017, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on March 30, 2017. (Pet. Attach.).

On July 7, 2017, petitioner filed the instant second petition for a writ of habeas corpus pursuant to § 2254, and raised the following claims: (1) "sentence is under question for enhancement;" (2) "Brady v. Maryland (1963) Handing of evidence and non-use of protocol" because "officer's credibility was in question a trial and past doing (attached) (also) see transcript of trial, where she made no notes but used memory to state facts of case and claims, (motion) (attached);" (3) "identifying unknown hair found which did not belong to me" because "fact came out at trial from Detective, who pulled some 100 hair fibers from my body used a small percent and the others never tested, yet statement made by officer that no match could be made but used false testimony to state I committed the crime (see transcript);" and (4) "non-use of protocol when dealing with an under age victim" because "the Dept of Social Services has jurisdiction to investigate case involved in under age victims had they done the[ir] job a very different result would have been found and all father or mother should have been tested based on Detective testimony and handling of evidence."

2

On January 10, 2018, respondent filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that petitioner's § 2254 petition should be dismissed because it is a second or successive petition, and petitioner has failed to show authorization from a three-judge panel of the Fourth Circuit to file a second or successive petition. Petitioner responded to the motion to dismiss.

**DISCUSSION**

A.   Motion to Dismiss

1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

3

2.  Analysis

   a.  Second or Successive Petition

As stated, petitioner previously filed a petition seeking habeas relief pursuant to § 2254, which was dismissed as time-barred on March 20, 2014. See Allen v. Dail 5:13-HC-2068-FL (E.D.N.C. Mar. 20, 2014). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); In re Phillips, 879 F.3d 542, 546 (4th Cir. 2018). The fact that a petition is dismissed as time-barred does not affect the requirement that a petitioner seek authorization under § 2244(b)(3)(A) to file a second or successive claim. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge

4

made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); see also, Jeter v. White, No. 4:06-424-HMH-TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) ("Dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b).") (citation omitted), dismissed by, 2006 WL 3018022, 203 F. App'x 533 (4th Cir. 2006).

In this case, petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, respondent's motion to dismiss is GRANTED, and petitioner's habeas claim is DISMISSED without prejudice to allow him to seek authorization to file this application.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 9) is GRANTED, and the petition is DISMISSED without prejudice. The Certificate of Appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the ⧸6⧸ day of February, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge